66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Freeman DOCKERY, Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 95-6080.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Freeman Dockery pled guilty to two drug-related state charges in 1991. He now challenges the validity of those convictions, alleging that his pleas were involuntary and that his lawyer rendered constitutionally ineffective assistance. The district court denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 3
 Following his guilty pleas, Mr. Dockery was sentenced to two concurrent life sentences. He did not file a motion to withdraw the guilty pleas, nor did he pursue a direct appeal of the sentence. He filed various applications for post-conviction relief in the state courts, all of which were denied as procedurally barred because he had failed to raise the issues on a direct appeal.
 
 
 4
 Mr. Dockery filed this petition in federal court, asserting three grounds for relief. First, he contended that his guilty plea was coerced and involuntary. Second, he claimed ineffective assistance of counsel at the plea negotiation because his counsel did not move to dismiss Count II against him[1] and allegedly led him to believe that he would only receive a total sentence of 45 years. Third, Mr. Dockery alleged that the merits of the factual dispute were not resolved in the state proceedings. Although the magistrate judge initially applied a procedural bar, he thereafter correctly assumed that the ineffective assistance ruling of the state court did not constitute an "adequate" state ground barring federal habeas review of the issue. Rept. & Rec. at 11 n. 1; see Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir.1994). The magistrate judge then addressed the merits of all three of Mr. Dockery's claims, concluding in a well-reasoned opinion that the petition should be denied. The district court adopted the magistrate judge's report and recommendation and denied the petition.
 
 
 5
 On appeal, Mr. Dockery challenges his convictions on the same three grounds. After reviewing Mr. Dockery's appellate brief and the record, we AFFIRM for substantially the reasons set forth in the magistrate judge's Report and Recommendation. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Count II charged Mr. Dockery with maintaining a dwelling for keeping controlled dangerous substances. A similar charge against his wife was dismissed